IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFERY DAVID MILLER,

        Plaintiff,

                        1:12-cv-00044-CL

    v.

                        REPORT AND
                        RECOMMENDATION

TREVOR ARNOLD, et al.,

        Defendants.

CLARKE, Magistrate Judge.

    On January 10, 2012, plaintiff filed a pro se complaint under 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth and Fourteenth Amendment rights arising out of an incident on February 16, 2010, when he was detained by police officers and gold disks were allegedly seized from him. Complaint (#2).

    On December 28, 2012, defendants filed a Motion for Discovery Sanctions (#55) seeking dismissal of this case based on plaintiff's failure to comply with discovery requests.

By Order (#56) entered January 10, 2013, defendants' motion was allowed as follows:

> Defendants' Motion for Discovery Sanctions (#54) is allowed to the extent that plaintiff shall respond to defendants' First set of interrogatories and defendants' First request for production of documents within 10 days of the date of this order. If plaintiff does not file an appropriate response to defendants' discovery requests within 10 days of the date of this order *and* file such response with the court, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with the court's order compelling discovery (#49).

On January 23, 2013, plaintiff sent a letter to the court requesting that his case not be dismissed. Plaintiff alleged that he was caring for his elderly parents and that he was "just wore out." Attached to the letter was plaintiff's response to defendants' First Request for Production of Documents.

On February 27, 2013, defendants filed a Supplemental Memorandum (#60) renewing their request for discovery sanctions pursuant to the court's Order (#56).

Defendants allege that plaintiff provided an incomplete response to first request for production of documents and "did not respond in any way to Defendants' first set of interrogatories." Supplemental Memorandum (#60) p. 2. Defendants allegation in this regard is supported by the record before the court.

Defendants are entitled to the discovery requested from plaintiff in order to defend against his claims. It is plaintiff's responsibility to prosecute this actions and it is apparent that plaintiff is unable to do so.

Defendant's request that this action be dismissed as a sanction for plaintiff's failure to comply with their discovery requests should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal from an order adopting this Report and Recommendation or Judgment dismissing this case would be frivolous and not taken in good faith.**

DATED this 17 day of May, 2013.

_____
Mark D. Clarke
United States Magistrate Judge