IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JEFFERY DAVID MILLER,

    Plaintiff,

v.

TREVOR ARNOLD, et al.,

    Defendants.

No. 1:12-cv-44-CL

ORDER

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Although no objections have been filed, I review legal principles *de novo*. See Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007). I agree with Magistrate Judge Clarke that this action should be

1 - ORDER

dismissed as a sanction for plaintiff's failure to respond to discovery requests.

## BACKGROUND

Plaintiff claims that during a traffic stop in February 2010, defendants improperly seized metal disks from his car. The disks were later determined to contain gold valued at about $20,000.

Plaintiff sought return of the disks through a motion in state court. See Or. Rev. Stat. § 133.623. The Jackson County Circuit Court determined that plaintiff had not shown ownership of the gold by a preponderance of the evidence, and dismissed plaintiff's claim without prejudice. The state court noted that information gathered by Medford police officers "places in doubt [plaintiff's] ownership of the disks." Pl. Resp., Ex. 1, at 2, ECF No. 26-1.

Plaintiff filed this civil rights action pro se in January 2012, seeking damages based on the seizure of the gold disks. In June 2012, defendants sent discovery requests to plaintiff. This court granted plaintiff an extension of time to respond to the discovery requests until August 2012.

Defendants' interrogatories asked plaintiff, "how and where the gold that made up the gold disks came into your possession"; "who melted the gold down into disks"; "why the gold was melted down, when the gold was melted down, and where the gold was melted down." Defendants state that although their counsel conferred repeatedly with plaintiff, plaintiff failed to respond to interrogatories or requests for production.

2 - ORDER

In October 2012, defendants moved to compel production. In November 2012, Magistrate Judge Clarke granted defendants' motion to compel and ordered plaintiff to respond to defendants' discovery requests. When plaintiff still did not respond, defendants moved for discovery sanctions.

On January 10, 2013, Magistrate Judge Clarke ordered plaintiff to respond within ten days to defendants' interrogatories and request for production. Magistrate Judge Clarke warned plaintiff that failure to comply with his order would result in a recommendation that this action be dismissed.

On January 22, 2013, plaintiff wrote this court asking that this action not be dismissed, stating he was worn out from caring for his elderly parents. Plaintiff attached a response to defendants' request for production, which stated that he had none of the requested documents other than police reports and court files that were already in defendants' possession. Plaintiff has not responded to defendants' interrogatories.

## STANDARDS

In deciding whether to dismiss for failure to comply with an order, this court considers "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal

3 - ORDER

Serv., 833 F.2d 128, 130 (9th Cir. 1987) (further citation omitted)). These five factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" Id. (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). This court has discretion in determining a proper sanction. Id.

## DISCUSSION

A party's failure to respond to discovery requests as ordered by the court creates "sufficient prejudice" to justify dismissal. Id. at 1227. Although plaintiff states that he is caring for his parents full time, he has had more than six months to respond to the interrogatories. The interrogatories are not technical or complex, and documents submitted by plaintiff indicate that he has a more than adequate ability to understand legal procedures.

I conclude that defendants have been prejudiced by plaintiff's failure to respond to their interrogatories. Without plaintiff's answers, defendants cannot properly prepare for depositions or trial, or draft a dispositive motion. Although dismissal is a serious sanction, the lesser sanction of barring evidence on the subject of defendants' interrogatories would be the equivalent of dismissal.

Here, "dismissal serves . . . the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." Id. at 1234. Under

these facts, dismissal is justified.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#61) is adopted. This action is dismissed with prejudice. Because defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **26** day of June, 2013.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER